4/10/2024 3:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 86515862
By: jonathan vela
Filed: 4/10/2024 3:24 PM

CAUSE NO._____

| | | |
|---|---|---|
| **ATTORNEY BRIAN WHITE & ASSOCIATES, P.C.** | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | \_\_\_\_ JUDICIAL DISTRICT |
| **CARVERTISE, INC.** | § | |
| | § | |
| Defendant. | § | HARRIS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES**, Plaintiff, Attorney Brian White & Associates, P.C. (hereinafter "ABW"), and files this, its Original Petition against Defendant Carvertise Inc., and would show the Court the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure and affirmatively pleads that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

### II. RELIEF

2. Plaintiff seeks monetary relief of over $250,000 but less than $1,000,000.00 excluding interest, statutory or exemplary damages and penalties, attorney fees, and court costs.

### III. PARTIES

3. Plaintiff, ABW, is a Texas professional corporation whose registered office is in Harris County, Texas at 3120 SW Freeway Suite 350, Houston, Texas 77098.

4. Defendant, Carvertise, Inc., a foreign corporation organized and existing under the laws of Delaware, whose principal office is located at 319 6th Ave Wilmington, Delaware 19805. Despite doing business in Texas, the company is not registered or authorized to do business in Texas and may be served with process by serving its registered agent for service of process in Delaware.

5. Defendant engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Defendant's business in this state. As a result, the court has long-arm jurisdiction over the Defendant because the foreign corporation is doing a substantial part of business within the state of Texas, this lawsuit relates to Defendant's business conduct within the state, and Defendant has more than substantial minimum contacts in the forum state of Texas.

## IV. JURISDICTION AND VENUE

6. Venue and jurisdiction is appropriate in Harris County, Texas as set forth above and under Civ Prac Rem Code §15.011 because the events, errors, and actions in question forming the basis of this dispute all occurred in Harris County, Texas.

## V. FACTS

7. On or about July 7th 2023, the Parties contracted to work together wherein Defendant would wrap a certain number commercial rideshare vehicles in advertising related to Plaintiff's business. Moreover, Defendant was to ensure that the vehicles with Plaintiff's advertising met certain standards in terms of miles driven, geographic area utilized, and related information concerning the installation and proof of the ongoing advertising project with the contracted vehicles at issue. The contract commenced on July 7, 2023 and a second contract was entered into on November 19, 2023. Defendant advised of a car wreck with one of Carvertise's

vehicles on October 16, 2023, but Defendant not provide proof of car's replacement or data regarding the accident upon request.

8. In late November 2023, Plaintiff requested proof of installation and miles in November 2023 from Defendant and got no response. As a result, Plaintiff followed up with a letter on December 07, 2023, advising them of these and other concerns. Another accident occurred involving Carvertise's vehicles on January 03, 2024, but the Company did not provide proof of the car's replacement or data regarding the accident. In fact, Defendant again ignored the correspondence from its Plaintiff customer and its questions, yet Carvertise did transmit a "Month Performance Report" for December on January 24, 2024, but with no way to calibrate or verify that information, and lacking any other requested information in breach of the agreements.

9. On February 8, 2024, Plaintiff sent another letter asking for a response to the prior correspondence. Plaintiff received a response to the December 7, 2023 letter on February 8, 2024. Defendant provided January's performance report in March on March 5, 2024, then provided February's performance report on March 15, 2024. Throughout this timeframe, Plaintiff remitted over $264,000.00 to Defendant in compliance with its initial contractual requirements. However, Defendant failed to adhere to its legally required duties and obligations under the agreement.

10. Additionally, and due to lack of performance by Defendant, a formal letter requesting proof of contractual compliance and any data or information that validates or tracks vehicle miles and information was sent on March 19, 2024. Despite Plaintiff's performance and reasonable inquiries, Defendant continually failed to provide adequate proof of install with regard to the advertising on some of the vehicles, did not provide specific information pertaining to the marketing campaign required under the contract as noted herein such as mileage and other identifying data of the vehicles, and also failed to provide confirmation of replacement vehicles

# Exhibit A

when certain of its fleet was wrecked or otherwise put out of service. Plaintiff later requested a full refund, and this lawsuit followed.

## VI. COUNT 1 – DECEPTIVE TRADE PRACRICES ACT CLAIM

11. Plaintiff is a consumer under the DTPA because plaintiff is an individual in the state of Texas who sought goods and services by purchase.

12. Defendant is a corporation that can be sued under the DTPA, and has engaged in an unconscionable action or course of action; and, said conduct by the Defendant was relied on to Plaintiff's detriment as false, misleading or deceptive.

13. Defendant's actions as outlined herein constitute prohibited conduct under the DTPA, which prohibits false, misleading, or deceptive acts or practices.  Upon information and belief, Carvertise's prohibited actions regarding ABW include but are not limited to : passing off goods or services as those of another; causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services; causing confusion or misunderstanding as to affiliation, connection, or association with, or certification by another; using deceptive representations or designations of geographic origin in connection with goods or services; representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not; representing that goods are original or new if they are deteriorated, reconditioned, reclaimed, used, or secondhand; representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; advertising goods or services with intent not to sell them as advertised; advertising goods or services with intent not to supply a reasonable expectable public demand; making false or misleading statements of fact concerning

the reasons for, existence of, or amount of price reductions; representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; knowingly making false or misleading statements of fact concerning the need for parts, replacement, or repair service; representing that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced; failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

14.     Defendant violated the DTPA as set forth in the forgoing paragraphs accordingly by engaging in such prohibited conduct and including false and misleading statements as outlined herein in the negotiations, discussions, and contract signed by Plaintiff, including subsequent correspondence.

15.     Defendant Violated the DTPA by engaging in deceptive trade practices with regard to its advertising and tracking system sold to Plaintiffs and inducing Plaintiff to contract, yet deceptively not performing its own duties and obligations pursuant to said contract in violation of well-settled Texas law.

### VII. COUNT 2 – BREACH OF CONTRACT

16.     On or about July 7, 2023, and subsequent thereto, Plaintiff and Defendant executed valid and enforceable written contracts.

17.     As noted in the foregoing paragraphs fully incorporated by reference herein, Defendant has failed without legal excuse to materially perform under said contracts and has caused and continues to cause injury and damages to Plaintiff as outlined herein.

18. Consequently, Plaintiff seeks monetary damages (and/or a refund of the amounts paid) within the jurisdictional limits of this Court and/or rescission of said contract.

19. Attorneys' fees. Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code Chapter 38 because this suit is for breach of written contract. Plaintiff presented plaintiff's claim to Defendants. Defendant did not tender the amount owed nor did its counsel in the correspondence noted in the above paragraphs.

## VIII. EQUITABLE RELIEF

20. In the alternative to monetary damages, plaintiff seeks the equitable relief of rescission of the contract and the return of Plaintiff's $246,000.00 due to the violations of the Contract(s) and DTPA, and as a remedy for the breach of contract action.

## IX. JURY DEMAND

21. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## X. PRAYER

22. For these reasons, per the DTPA and its other causes of action, Plaintiff asks that the Court issue citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant including but not limited to:

   a. Actual damages;

   b. Rescission of contract;

   c. Exemplary damages;

   d. Mental Anguish;

   e. Prejudgment and post judgment interest;

   f. Court costs;

   g. Attorneys' fees;

  h.  All other relief to which Plaintiff is entitled.


              Respectfully submitted,
              **OVERSTREET HOMAR & KUKER**


              */s/ John M. Kuker*
              John M. Kuker, PLLC
              Texas Bar No. 24117986
              204 S. Pierce Suite 12
              Burnet, Texas 78611
              Phone: 512.234.8660
              Email: john@kukerlaw.com
              **ATTORNEYS FOR PLAINTIFF**

Unofficial Copy Office of Marilyn Burgess District Clerk

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Kuker on behalf of John Kuker
Bar No. 24117986
john@kukerlaw.com
Envelope ID: 86515862
Filing Code Description: Petition
Filing Description: Plaintiffs Original Petition
Status as of 4/10/2024 3:47 PM CST

Associated Case Party: Attorney Brian White & Associates P C

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| John MKuker | | john@kukerlaw.com | 4/10/2024 3:24:15 PM | SENT |