United States District Court
Southern District of Texas
**ENTERED**
July 10, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **ATTORNEY BRIAN WHITE & ASSOCIATES, P.C.,** § § § | |
| **Plaintiff,** § § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-01684 |
| § § | |
| **CARVERTISE, INC.,** § § | |
| **Defendant.** § | |

## MEMORANDUM & ORDER

This is a breach of contract action arising from an advertising agreement. Before the Court is Defendant's Motion to Transfer. For reasons that follow, the Motion is **DENIED**.

### I.   BACKGROUND

This is a breach of contract dispute related an agreement for Defendant Carvertise, Inc. to advertise for Plaintiff Attorney Brian White & Associates, P.C. Plaintiff filed this suit in Texas state court, and Defendant removed the case on diversity jurisdiction grounds. ECF No. 1. Now Defendant moves to transfer the case to Delaware, arguing that the parties' contract has a mandatory forum selection clause. ECF No. 3.

The relevant provision of the agreement states, "This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, except where Federal Law has precedence. Carvertise and Advertiser consents to jurisdiction and venue in the State of Delaware." ECF No. 3-1 at 13.

### II.   ANALYSIS

   a. **Choice of Law Note**

1

The agreement states that Delaware law ought to apply to any construction of the agreement. In interpreting whether a forum selection clause is mandatory or permissive, the law of the jurisdiction set out in a contract's choice of law provision should control.[1] *See Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 770 (5th Cir. 2016). As a result, the Court applies Delaware law throughout, although the same result would follow from the application of Texas law.

### b. Forum Selection Clause

Delaware law distinguishes between mandatory and permissive forum selection clauses. *See Germaninvestments AG v. Allomet Corp.*, 225 A.3d 316, 337 (Del. 2020). "Permissive forum selection clauses, often described as 'consent to jurisdiction' clauses, authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere." *In re Bay Hills Emerging Partners I, L.P.*, No. CV 2018-0234-JRS, 2018 WL 3217650, at *5 (Del. Ch. July 2, 2018) (citations omitted). In contrast, "[m]andatory forum selection clauses contain clear language indicating that litigation will proceed exclusively in the designated forum." *Id.* (citations omitted). "[U]nder Delaware law, if the forum selection provision does not state that it is exclusive in crystalline terms, our courts will construe the provision as permissive." *Germaninvestments*, 225 A.3d at 337.

This dispute comes down to whether the parties' forum selection clause is mandatory or permissive. The answer is straightforward. The forum selection clause here clearly employs permissive language, stating that the parties "consent to jurisdiction and venue in the State of Delaware." ECF No. 3-1 at 13. It contains no mandatory language indicating that litigation *shall*

---

[1] Defendant correctly identifies that federal law governs the *enforceability* of a forum selection clause. However, as the Fifth Circuit in *Weber* noted, it and other circuit courts have distinguished between enforceability and interpretation. *See Weber*, 811 F.3d at 770. Whether a forum selection clause is mandatory or permissive is a matter of interpretation and is governed by the state law set out in the choice of law provision. *Id.*

2

be brought in Delaware or that Delaware has *exclusive* jurisdiction. *See In re Bay Hills*, 2018 WL 3217650, at *6 (providing examples of mandatory forum selection clause language). Instead, it uses the "consent to jurisdiction" language that is the hallmark of a permissive forum selection clause. *Id.*

Because the forum selection clause is permissive, it does not compel the Court to transfer this action to Delaware. Thus, Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**

Signed at Houston, Texas on July 10, 2024.

_____
Keith P. Ellison
United States District Judge